UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LORI FRANCHINA,<br>       Plaintiff,<br><br>v.<br><br>CITY OF PROVIDENCE,<br>       Defendant. | C. A. No. 12-517M |

## ORDERS

Defendant made eight motions in limine to exclude certain evidence. After reviewing the parties' briefs and the relevant evidence, the Court makes the following rulings:

1. Defendant's Motion in Limine (ECF No. 43) (IME reports) is GRANTED as unopposed.

2. Defendant's Motion in Limine (ECF No. 44) (liquor locker) is GRANTED unless the Plaintiff shows at trial that the presence of liquor in the work place is causally related to the claims of harassment or retaliation.

3. Defendant's Motion in Limine (ECF No. 45) (harassment of other individuals) is DENIED. The factual testimony concerning harassment of other individuals in the fire department may be relevant and admissible to prove a hostile work environment and does not pose any Rule 403 concerns as presented in the motion.

4. Defendant's Motion in Limine (ECF No. 46) (sexual relations of other individuals in the fire department) is DENIED. Plaintiff states that she intends to show that Defendant treated female employees who engaged in sexual activities with male coworkers and supervisors more favorably than it treated those who did not. This evidence would be relevant to her claim of a hostile work environment.

5. Defendant's Motion in Limine (ECF No. 47) (sexual orientation of any member of the fire department) is DENIED. Plaintiff's claim of sexual harassment cannot be disentangled from evidence about her and others' sexual orientations and attendant sex-based stereotyping. Evidence about these issues therefore may be relevant to her claim of a hostile work environment. Furthermore, Plaintiff claims that the Defendant discriminated against a subset of the protected class, that is, women who are lesbians. Therefore, evidence of the sexual orientation of employees of the Providence Fire Department may be relevant to Plaintiff's claims of sex-plus discrimination recognized by the First Circuit in *Chadwick v. WellPoint, Inc.*, 561 F.3d 38 (1st Cir. 2009).

6. Defendant's Motion in Limine (ECF No. 48) (evidence 300 days or older) is DENIED. In a hostile work environment claim, "[p]rovided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purpose of determining liability." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 103 (2002); *see also O'Rourke v. City of Providence*, 235 F.3d 713, 726 (1st Cir. 2001).

7. Defendant's Motion in Limine (ECF No. 49) (Captain Varone's opinion testimony) is GRANTED as unopposed as to the three specific expert questions. As to all other issues raised, the Court will deal with them as they arise during trial.

8. Defendant's Motion in Limine (ECF No. 50) (December 2009 incident at Firefighters Hall) is DENIED. Courts "do permit evidence of non-workplace conduct to help determine the severity and pervasiveness of hostility in the workplace as well as to establish that the conduct was motivated by gender." *Crowley v. L.L. Bean*, 303 F.3d 387, 409 (1st Cir. 2002). Evidence outside of the workplace is admissible if the actions have consequences in the workplace.

IT IS SO ORDERED:

_____
John J. McConnell, Jr.
United States District Judge

March 31, 2016