UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LORI FRANCHINA,
    Plaintiff,

v.                                    C.A. No. 12-517-M-LDA

CITY OF PROVIDENCE,
    Defendant.

ORDER

After receiving a successful jury verdict totaling $806,000[1] in this Title VII matter, Plaintiff Lori Franchina's attorneys filed a Motion to Award Attorney's Fees and Costs. ECF No. 102. They request a total of $233,643.50 in fees and $7,838.58 in costs. Defendant City of Providence objects to portions of the request and asks the Court award no more than $108,576 in attorney's fees and $4,207.98 in costs. ECF No. 109.

As an initial matter, having presided over this litigation for more than four years, this Court finds that the attorneys involved on both sides litigated a difficult and extremely complex case both legally and factually and did so with the highest level of professionalism, skill, and competence. They all earned the Court's admiration. After reviewing Ms. Franchina's motion and accompanying affidavits and the City's objections, her motion is GRANTED IN PART AND DENIED IN PART.

---

[1] The Court later reduced the verdict award to $706,000, after overturning the jury's $100,000 punitive damages award.

A prevailing plaintiff is entitled to the recovery of attorney's fees under Title VII. *Fontanillas-Lopez v. Morell Bauza Cartagena & Dapena, LLC*, 832 F.3d 50, 59 (1st Cir. 2016) ("Title VII, . . .expressly provid[es] that "[i]n any action or proceeding under [Title VII] the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e-5(k)). Both parties agree that the Court should use the Lodestar method for calculating the fees and that Ms. Franchina is a prevailing party. The Court will deal with the City's objections seriatim:

1. <u>Hours Productively Expended</u>:

   *a. Hours spent drafting the Complaint:* The Court finds that spending a combined six hours in drafting the complaint was not excessive, as the pleading in this case was complicated.

   *b. Hours spent responding to the 12(b)(6) motions:* The fact that Ms. Franchina did not prevail on any particular motion is not a basis for eliminating the hours spent if she otherwise prevails at trial. None of the matters presented or opposed by any party were frivolous or improperly litigated. The matters were "sufficiently interconnected with the causes of action upon which [she] prevailed" such that the Court finds these hours are appropriately reimbursed. *Lipsett v. Blanco*, 975 F.2d 934, 940 (1st Cir. 1992).

   *c. Hours spent on discovery:* The Court sees no reason, and there is no evidence before it, to support eliminating the hours Ms. Franchina's attorneys spent

on discovery matters. Ms. Franchina has properly sustained her evidentiary burden by demonstrating to the Court that these hours were reasonable.

   *d. Hours spent on unsuccessful Motion to Reconsider:* The fact that Ms. Franchina did not prevail on a particular motion is not a basis for eliminating the hours spent if she otherwise prevails at trial. The matters were "sufficiently interconnected with the causes of action upon which [she] prevailed" such that the Court finds these hours are appropriately reimbursed. *Id.*

   *e. Hours spent on Motions in Limine:* The Court does not find that the hours Ms. Franchina's attorneys spent to be duplicative. Moreover, the time entries and verifications of hours were sufficient to support the claim for these fees.

   *f. Hours spent on Motion for Judgment as a Matter of Law:* The City's post-trial motions were extensive, complicated, and well pled. It is reasonable for Ms. Franchina's attorneys to have spent 47 hours preparing their successful response to the motions.

   *g. Attorney Braga's duplicative time:* The Court sees no reason, and there is no evidence before it, to support the City's contention that these hours were duplicative.

   *h. Other miscellaneous issues:* The City presents no basis for the exclusion of these hours.

2. <u>Reasonable Hourly Rates</u>:

   The City objects to Ms. Franchina's attorneys' hourly rates; to wit, $350 for John T. Martin (after July 1, 2014 when he changed firms) and $250 before that

date; $300 for Benjamin H. Duggan; and $225 for Kevin P. Braga. The City claims that it is inappropriate to use out-of-state rates,[2] that the rates are higher than local Rhode Island rates, and that the Court should make adjustments for clerical, paralegal and travel time.

The Court finds each attorney's fee rates to be reasonable and prevailing. First, they appear to the Court to be reasonable as local rates based on my own experience in this state. Moreover, the affidavit of a disinterested Rhode Island counsel appended to Ms. Franchina's motion supports the rates. ECF No. 103-8. The City has submitted no evidence to contradict the requested rate. Second, even if these were not appropriate local rates, they are appropriate prevailing out-of-state rates that are reasonable because Ms. Franchina could not secure a Rhode Island attorney willing to sue the City of Providence under these circumstances and thus was required to seek and retain out-of-state counsel. ECF No. 103-7.

The City also argues that the Court should not reimburse Ms. Franchina's attorneys at their higher hourly rate for performing paralegal or clerical type duties and advocate for a 40% reduction of the hourly rate for time spent on those activities. It cites three different occasions totaling 22 hours where Attorney Martin made binders, copies, compiled documents for discovery, and reviewed medical records. ECF No. 109-1 at 14-15. Ms. Franchina does not address these line items in her reply.

---

[2] Two of Ms. Franchina's attorneys practice in Massachusetts.

The Court agrees with a reduction in hourly rate for these activities. The First Circuit has made clear in attorney fee cases that "clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them." *Lipsett*, 975 F.2d at 940. The City advocates that the Court reduce Mr. Martin's hourly rate to 40% of the lawyer's rate. According to the Court's decision that it should reimburse Ms. Franchina for her attorneys at their out-of-state rate, Mr. Martin would receive $100/hr. for the 13 hours spent in 2013 and $140/hr. the 9 hours spent in 2016. Therefore, the Court will reduce the attorney fee by $3840.00 for hours spent performing clerical and paralegal duties.

The City also argues that Ms. Franchina's attorneys are only permitted to bill at half his rate for travel time. Again, Ms. Franchina does not address this item in her reply. "[A]n attorney's travel time may be reimbursed in a fee award." *Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 15 (1st Cir. 2011). "And while travel time is frequently reimbursed at reduced hourly rates, 'there is no hard-and-fast rule' requiring such a discount." *Cent. Pension Fund of the Int'l Union of Operating Engineers & Participating Employers v. Ray Haluch Gravel Co.*, 745 F.3d 1, 7–8 (1st Cir. 2014) (quoting *Hutchinson*, 636 F.3d at 15). The Court declines to reduce the attorneys' hourly rates for travel time. The line items referencing travel that the City cites involves travel to and appearance at the courthouse for proceedings in this case. The Court has already reduced the number of hours that Ms. Franchina's attorneys originally requested by 20%. This substantial reduction is adequate, in the Court's opinion, to accommodate for not only the lack of

5

contemporaneous time sheets, but also for any other factors such as the compensation for a small number of travel hours. *See id.*

3. <u>Downward Adjustment Due to Lack of Contemporaneous Time Records:</u>

The City requests a downward adjustment of 20% because Ms. Franchina's attorneys did not submit contemporaneous time sheets. ECF No. 109-1 at 16-18. Ms. Franchina's attorneys agree to the reduction, ECF No. 110 at 1 n.1; therefore, the Court orders that downward adjustment of 20%.

4. <u>Costs:</u>

The City objects to reimbursement of certain expert and parking fees in Ms. Franchina's motion. Her attorneys did not respond to the City's objection and request to exclude. Based on the Court's review of the two items, these identified costs are not allowed.

<u>Conclusion</u>

The Court GRANTS IN PART AND DENIES IN PART Ms. Franchina's Motion for Award Attorney's' Fees and Costs (ECF No. 102) as follows: The Court reduces the request for attorney's fees by 20% ($229,803.50 (the total requested of $233,643.50 minus $3840 for clerical hours) minus $45,960.70 (20% of the total fee) and awards Ms. Franchina <u>$183,842.80</u> in attorneys' fees, and awards costs of <u>$4,207.98</u>.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

November 7, 2016